IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Reginald Osborne, ) | Civil Action No. 7:13-11-TMC-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Suminoe Textile of America Corporation, ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6). In his complaint, the plaintiff alleges that the defendant, his former employer, terminated his employment in violation of the Family and Medical Leave Act ("FMLA"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## PROCEDURAL HISTORY

On January 2, 2013, the plaintiff filed his complaint. Also on that date, the plaintiff's counsel mailed a cover letter, the summons, complaint, and Local Civil Rule 26.01 interrogatory responses by certified mail via the United States Postal Service, return receipt requested, to the defendant addressed as follows:

> Suminoe Textile of America Corporation
> c/o Kathy Ledford
> 10 Commerce Drive
> Gaffney, SC 29340-4506

(doc. 7). Michelle Richardson, an employee of the defendant, signed for receipt of the envelope (doc. 7-2). The defendant's registered agent, Ms. Ledford, received the envelope

in her internal company mailbox on January 7, 2013 (doc. 12-1, Ledford 2nd decl. ¶¶ 5-6).

The defendant filed the instant motion to dismiss on January 25, 2013, and a supplemental memorandum on January 31, 2013, arguing in part that the plaintiff failed to properly serve the summons and complaint because the plaintiff did not restrict delivery to Ms. Ledford.

On February 15, 2013, the plaintiff filed his response in opposition to the motion to dismiss.[1] Also on February 15, 2013, the plaintiff's counsel again mailed the summons and complaint by certified mail via the United States Postal Service, return receipt requested, to the defendant addressed as follows:

>Suminoe Textile of America Corporation
>c/o Kathy Ledford
>10 Commerce Drive
>Gaffney, SC 29340-4506

(doc. 16). The receipt shows that the plaintiff's counsel paid the "Restricted Delivery Fee" (docs. 16-1, 16-2). Summer McDaniel, an employee of the defendant, signed for receipt of the envelope on February 19, 2013 (doc. 16-2).

---

[1] The defendant argues that the plaintiff's response to the motion to dismiss was untimely and should be stricken (doc. 15 at pp. 1-2). The motion to dismiss was originally filed on January 25, 2013. Due to a filing error and a misunderstanding of the Clerk of Court's filing instruction, the defendant re-filed its motion to dismiss twice on January 28, 2013, and upon each filing the Clerk of Court provided a response deadline of February 14, 2013 (doc. 10). Subsequently, the Clerk of Court deleted the docket entries containing the incorrect filings and at that time provided a response deadline of February 12, 2013 (doc. 11). The defendant filed a supplemental memorandum in support of its motion to dismiss on January 31, 2013 (doc. 12). The plaintiff filed his response in opposition to the motion to dismiss on February 15, 2013 (doc. 13). The defendant argues that "[r]egardless of any confusion Plaintiff may claim based on the various response dates, his Response was filed a day later than any of the deadlines provided, and three days later than the last and definitive February 12, 2013 deadline provided by the Court," and thus the court should strike the response (doc. 15 at p. 2). However, given the defendant's multiple filings in connection with this motion over a six day period, the undersigned finds that an order striking the plaintiff's response as untimely would be inappropriate.

## APPLICABLE LAW AND ANALYSIS

The defendant first argues that the plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) because the plaintiff failed to properly serve the summons and complaint. Rule 4(h) provides that the plaintiff must serve a domestic corporation located in the United States, like the defendant, either by in person delivery of the summons and complaint or according to the law of the state in which the judicial district sits for serving a summons. South Carolina requires service on a corporation be either in person or via "registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C.R.Civ.P. 4(d)(8). The plaintiff has 120 days from filing the complaint to serve the defendant. Fed.R.Civ.P. 4(m).

As set forth above, the plaintiff's attorney did not restrict delivery to Ms. Ledford when he first mailed the summons and complaint by certified mail, return receipt requested, on January 2, 2013. However, after the motion to dismiss was filed, the plaintiff again mailed the summons and complaint by certified mail, return receipt requested, and this time paid the "Restricted Delivery Fee" (docs. 16-1, 16-2). While it appears that the mail carrier allowed another employee to sign for receipt of the envelope on February 19, 2013 (doc. 16-2), it is clear that the plaintiff complied with Federal Rule of Civil Procedure 4 and South Carolina Rule of Civil Procedure 4(d)(8). Accordingly, the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) should be denied.

The defendant also argues that the plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' "*Robinson v. American Honda*

*Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

The FMLA provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To establish an FMLA interference claim, an employee must show that: "(1) he was an eligible employee; (2) his employer was covered by the Act; (3) he was entitled to leave under the FMLA; (4) he gave his employer adequate notice of his intention to take leave; and (5) the employer denied him FMLA benefits to which he was entitled." *King v. Blanchard Machinery Co.*, C.A. No. 3:10-3219-MBS, 2012 WL 4586177, at *5 (D.S.C. Sept. 28, 2012) (citing *Rodriquez v. Smithfield Packing Co.*, 545 F. Supp. 2d 508, 516 (D. Md. 2008)).

The defendant argues that the plaintiff's complaint fails to allege sufficient facts to meet the third, fourth, and fifth elements of an interference claim. The plaintiff alleges in his complaint that: (1) he injured his back on the job on May 2, 2012; (2) his supervisor drove him to the hospital; (3) the day after his injury he notified the defendant that he could not come to work because of his injury and that he would seek medical treatment the following day; (4) he went to his family doctor on May 4, 2012, where he was given a note to not return to work until May 7, 2012; and (5) the plaintiff returned to work on May 7, 2012, at which time he was terminated from employment (comp. ¶¶ 6-10).

The third element - entitlement to leave under the FMLA - stated differently is that the plaintiff must state that he has a serious health condition as defined by the FMLA

4

"because otherwise [he] [would] not have any right under the Act with which [his] employer could have interfered. *Rhoads v. FDIC*, 257 F.3d 373, 384 (4th Cir. 2001). A serious health condition for purposes of the FMLA is defined in the Federal Regulations as "an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. § 825.113(a). Continuing treatment is defined as a period of incapacity of more than three consecutive days and either: (1) treatment (in-person) two or more times by a health care provider, within 30 days of incapacity, unless extenuating circumstances exist; or (2) at least one occasion of treatment by a health care provider that results in a regimen of continuing treatment by a health care provider. *Id.* § 825.115(a). "The term incapacity means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." *Id.* § 825.113(b). This court finds that the plaintiff has adequately alleged a serious health condition under the FMLA as he alleged that he injured his back and was unable to work between his injury on May 2, 2012, and his return to work on May 7, 2012, and he was treated at least two times by a health care provider (on the day of the injury at the hospital and by his family doctor two days later). The defendant argues that the plaintiff's allegations are insufficient because he only alleges missing a partial day on May 2nd and he does not allege whether Saturday and Sunday were workdays or whether his doctor had any knowledge of his assigned workdays when issuing the return to work note (doc. 15 at pp. 4-5). However, given the liberal pleading standard, this court finds that at this initial pleading stage of the case the alleged facts are sufficient to allege a serious health condition.

The defendant further argues that the plaintiff has failed to allege that he gave the defendant adequate notice of the possible need for FMLA leave. For notice to be adequate it must "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request." 29 C.F.R. § 825.303(b). As noted above, the plaintiff alleges that he was taken to the hospital by his supervisor on the day of his back injury at work, so the defendant was immediately notified by the plaintiff of his

need to miss work due to his injury (comp. ¶ 7). Further, the plaintiff alleges that he called the defendant the next day to inform his employer that he would be missing work and that he would be seeking medical treatment the following day (*id.* ¶ 8). Accordingly, this court finds that the plaintiff alleged sufficient facts in support of the fourth element of an FMLA interference claim.

The defendant also argues that the plaintiff failed to sufficiently allege the fifth element, that the defendant denied him FMLA benefits to which he was entitled. First, the defendant argues that the plaintiff fails to allege that he was entitled to FMLA benefits because he did not sufficiently allege that he had a serious health condition or that he gave proper notice to the defendant to invoke his FMLA rights. That argument is rejected as discussed above. Second, the defendant argues that the plaintiff has failed to sufficiently allege that he was denied FMLA benefits because the plaintiff specifically alleges that he took FMLA leave: "Defendant violated the FMLA by, without limitation, discharging Mr. Osborne for having taken medical leave" (comp. ¶ 22). The plaintiff further alleges that his doctor released him to work, and he does not allege the need for further doctor's visits or continuing treatment. Thus, the defendant argues, "Plaintiff alleges that he exercised FMLA rights and that he does not need to exercise those rights further, thus closing the door on a claim that Suminoe interfered with his rights" (doc. 10-4 at p. 10). However, as the plaintiff argues, one of the benefits to which he is entitled under the FMLA is to "be restored by the employer to the position of employment held . . . when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1). *See also* 29 C.F.R. §§ 825.214, 825.215. Here, the plaintiff alleges in his complaint that when he returned to work he was terminated from employment by the defendant. Accordingly, this court finds that the plaintiff has alleged sufficient facts in support of his FMLA interference claim. *See Weth v. O'Leary*, 796 F.Supp.2d 766, 778-79 (E.D. Va. 2011) ("In this case, Weth has a very strong argument that defendant O'Leary violated § 2614(a)(1) and is therefore liable for interference with her FMLA rights under 29 U.S.C. § 2615(a)(1) because, by his own admission, when Weth returned to work after taking FMLA leave, O'Leary did not restore her to the same or an

equivalent position with equivalent terms and conditions of employment as those that she had enjoyed before taking medical leave. . . .").

The defendant further argues that the plaintiff does not allege facts sufficient to state a retaliation claim under the FMLA.  The FMLA provides:  "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter. "29 U.S.C. § 2615(a)(2).  To properly plead a *prima facie* case for an FMLA retaliation claim, the plaintiff must allege facts tending to show that: (1)  he engaged in a protected activity; (2)  the defendant took adverse action against him; and (3)  the adverse action was causally connected to his protected activity. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir.2006) (citing *Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir.1998)).

The defendant argues that the retaliation claim fails for the same reasons it argued that the interference claim fails: the plaintiff failed to allege that he has a serious health condition and that he gave the defendant sufficient notice that he might possibly need FMLA leave, and thus he did not engage in protected activity.  As discussed above, the undersigned finds that the plaintiff has alleged sufficient facts showing he has a serious health condition and that he gave the defendant adequate notice of the possible need for FMLA leave.  The defendant also argues that the plaintiff does not sufficiently allege that his termination was causally related to the protected activity.  The plaintiff alleges in the complaint that he returned to work on May 7, 2012, at which time he was terminated from employment (comp. ¶ 10).  The plaintiff further alleges in the complaint that the defendant discharged him for having taken medical leave (*id.* ¶ 22).  The allegations of such close temporal proximity between the protected activity and the adverse employment action are sufficient to state a claim to relief that is plausible on its face. *See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (Title VII retaliation case noting that  "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close'" . . . .");  *Blumberg v.*

7

*Harbor Hosp., Inc.*, C.A. No. L-10-441, 2011 WL 4352107, at *3 (D. Md. Sept. 14, 2011) ("while evidence as to the closeness in time 'far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a *prima facie* case of causality.'") (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir.1989)).

Lastly, the defendant argues that the plaintiff's claim for punitive damages (comp. at p. 3) should be dismissed. This court agrees.[2] "Damages under the FMLA are limited to lost or denied wages, salary, benefits, or other compensation. 29 U.S.C. § 2617(a)(1)(A)(i)(I). If there have been no such losses, damages are limited to actual monetary losses such as the cost of care. *Id*. at § 2617(a)(1)(A)(i)(II)." *Montgomery v. Maryland*, 72 Fed. Appx. 17, 19 (4th Cir. 2003). "[T]he FMLA does not allow punitive damages . . . ." *Keene v. Rinaldi*, 127 F.Supp.2d 770, 772 (M.D.N.C. 2000). Accordingly, the plaintiff's claim for punitive damages should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 10) should be granted in part and denied in part as set forth above.

IT IS SO RECOMMENDED.


May 22, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

---

[2] The plaintiff did not respond to this argument in his response in opposition to the motion to dismiss.

8